**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Oscar Bolanos-Nunez,<br><br>                Petitioner,<br><br>v.<br><br>USA,<br><br>                Respondent. | No. CV-13-01088-PHX-GMS (ESW)<br><br>**REPORT AND RECOMMENDATION AND ORDER** |

**TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:**

### Background

On May 28, 2013, Defendant/Movant Oscar Bolanos-Nunez ("Movant") filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1). The government responded on December 20, 2013 (Doc. 6). The Court granted Movant leave to amend by Order filed March 28, 2014 (Doc. 8). On April 14, 2014, Movant filed an amended Motion to Vacate, Set Aside or Correct Sentence (Doc. 9) (the "Amended Motion"). On June 12, 2014, the government filed its Response (Doc. 13) to the Amended Motion. That Response incorporates by reference the government's original Response (Doc. 6). Movant filed a Reply (Doc. 17) on July 17, 2014.

By Order issued February 4, 2015 (Doc. 23), the Court appointed counsel for Movant and set an evidentiary hearing to develop the record regarding Movant's ineffective assistance of counsel claim. Movant alleged that his counsel failed to file a notice of appeal upon Movant's request. An evidentiary hearing was originally set for March 10, 2015, but the Court reset the evidentiary hearing upon the government's Motion to Continue Evidentiary Hearing (Doc. 24) and the Court's own motion. *See* Order Continuing Evidentiary Hearing (Doc. 25) and Order Resetting Evidentiary Hearing (Doc. 26). An evidentiary hearing currently is set for June 2, 2015.

On March 26, 2015, Movant filed a *pro se* Request for New Attorney (Doc. 27). On March 26, 2015, defense counsel filed Counsel's Response to Request for New Attorney (Doc. 28).

On May 25, 2015, defense counsel filed a Motion to Vacate Hearing and Dismiss § 2255 Petition (Doc. 29). The government has no objection to the Motion.

**<u>Discussion</u>**

Movant was released from custody in the Bureau of Prisons on May 23, 2015 in CR-12-00199-PHX-GMS. Movant was in agreement with the Motion to Vacate and Dismiss § 2255 Petition (Doc. 29) prior to his release, but he failed to sign the Motion to Vacate Hearing and Dismiss § 2255 Petition as requested by his counsel. That Movant is no longer subject to any form of Court supervision is undisputed. Therefore, both counsel urge the Court to dismiss Movant's Amended Motion (Doc. 9) as Movant has completely served his sentence and fails to meet the "in custody" requirement of 28 U.S.C. § 2255. *United States v. Kramer*, 195 F.3d 1129, 1129-30 (9th Cir. 1999) (holding that prisoner "not only must be in custody, he also must claim the right to be released from custody"). *See also United States v. Theile*, 314 F.3d 399, 401-02 (9th Cir. 2002) (prisoner cannot collaterally attack a restitution order in a § 2255 motion); *Maleng v. Cook*, 490 U.S. 488, 491-92 (1989) (*per curiam*) (prisoner does not remain "in custody" merely because his conviction may become basis for later enhancement). Defense counsel further advises the Court that the Movant's claim regarding incorrect

categorization of Movant's pre-deportation conviction is without legal merit.

As Movant fails to meet the "in custody" requirement of 28 U.S.C. § 2255, the Court recommends that the Motion to Dismiss § 2255 Petition (Doc. 29) be granted and that Movant's Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. 9) be dismissed with prejudice.

## **Conclusion**

**IT IS RECOMMENDED** that the Motion to Dismiss § 2255 Petition (Doc. 29) be granted.

**IT IS FURTHER RECOMMENDED** that the Court dismiss with prejudice the Amended Motion to Vacate, Set Aside or Correct Sentenct (Doc. 9).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed in forma pauperis be denied because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

**IT IS ORDERED** granting the Motion to Vacate Hearing (Doc. 29). Hearing scheduled for June 2, 2015 at 9:30 a.m. is vacated.

1 **IT IS FURTHER ORDERED** denying the Request for New Attorney (Doc. 27).
2 Movant's request is deemed moot.
3     Dated this 29th day of May, 2015.

_EsWillett_
Honorable Eileen S. Willett
United States Magistrate Judge